UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON DAVIS JR., <br><br>  Plaintiff, <br><br> v. <br><br> DEPARTMENT OF VETERANS AFFAIRS—VETERAN BENEFITS ADMINISTRATION, et al. <br><br>  Defendants. | No. 2:19-cv-01330-JAM-KJN PS <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS WITHOUT PREJUDICE; ORDER VACATING HEARINGS <br><br> (ECF No. 6) |

Plaintiff, proceeding without counsel ("pro se"), alleges claims under Title VII, 42 U.S.C. § 2000e. (ECF No. 1.) Plaintiff's form complaint names the Department of Veterans Affairs and two of the Department's employees as Defendants, and appears to allege the following claims: (A) disparate treatment based on race, (B) hostile work environment, (C) retaliation, and (D) disability discrimination. (See Id.) Defendants moved to dismiss, arguing the Complaint is deficient on multiple grounds. (ECF No. 6-1.) Plaintiff admitted certain deficiencies, but generally opposed dismissal. (ECF No. 8.) Defendant submitted a reply. (ECF No. 9.)

For the reasons discussed below, the Court recommends Defendant's motion to dismiss, be granted, and the case be dismissed without prejudice.[1]

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21). Pursuant to Local Rule 230(g), the Court resolves this motion on the papers without oral argument.

1

**Legal Standard**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). When a court considers whether a complaint states a claim upon which relief may be granted, all well-pled factual allegations must be accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7 (9th Cir. 2010) (courts continue to construe pro se filings liberally even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Although the court may not consider information in an opposition brief to determine whether a complaint should be dismissed, this information may be considered in deciding whether to grant leave to amend. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 fn. 2 (9th Cir. 2003).

2

**Analysis**

**I.     Exhaustion of Administrative Remedies**

Before a federal employee may file a Title VII complaint in court, he must first exhaust his administrative remedies by "seek[ing] relief in the agency that has discriminated against him." Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976). To do so,

> "[a] claimant . . . must first 'consult with an Equal Opportunity Counselor to try to resolve the matter.' . . . If this informal effort fails to satisfy him, then the claimant may file a formal EEO complaint. Only after a *final disposition* of such a formal complaint can the claimant seek judicial review."

Vinieratos v. U.S., Dept. of Air Force Through Aldridge, 939 F.2d 762, 768–69 (9th Cir. 1991) (emphasis added). A "final disposition" of the formal complaint may mean one of the following: "(a) adoption by the relevant government agency of the EEO counselor's final report, (b) a final decision by the EEOC . . . or (c) *passage of 180 days without receipt of a final decision* by either the relevant agency or the EEOC." Id. at 769, fn.6 (emphasis added). A plaintiff is required to exhaust his administrative remedies prior to filing suit. Cf. Vinieratos, 939 F.2d at 768, fn.5 ("We do not recognize administrative exhaustion under Title VII as a *jurisdictional requirement* per se . . . [rather] the issue is whether the plaintiff has satisfied a *statutory precondition* to suit." (emphasis original)); with Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) ("[S]ubstantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite.") see also Heckler v. Ringer, 466 U.S. 602, 619 (1984) ("[T]he purpose of the exhaustion requirement is to prevent premature interference with agency processes and to give the agency a chance to compile a record which is adequate for judicial review.") (cleaned up)).

Here, Plaintiff consulted with the VA's EEO counselor in early 2019. (ECF No. 6-2 at 6.) On May 29, 2019, Plaintiff received a "Notice of Right to File a Discrimination Complaint," which informed him of his right to file a formal EEO complaint against the VA. (Id.) The documents before the Court show that Plaintiff filed this formal complaint on May 30, 2019. (See ECF Nos. 1 at 27 and 6-2 at 4.) Therefore, the law dictates that he cannot file a complaint in federal court (on the issues he presented to the EEO) until November 26, 2019—180 days after

filing his formal EEO complaint.[2]  (See ECF No. 6-2 at 10; 42 U.S.C.A. § 2000e-5.)  Because Plaintiff filed his complaint in the instant action on July 17, 2019 (ECF No. 1), this action is four months premature and thus subject to dismissal.  See Wrighten, 726 F.2d at 1351 (noting that "[p]remature suits are always subject to a motion to dismiss").

### II.     Substance of Plaintiff's Discrimination Claims

Plaintiff, acting pro se, opposed Defendant's motion to dismiss.  (ECF No. 8.)  Given this fact, it is clear to the Court that if the EEO has not issued a final report by November 26 (the 180–day deadline for exhaustion of his claims), it is likely Plaintiff will file a new case in this district.  Thus, the Court provides the following additional statements of law for Plaintiff's consideration.

Title VII of the Civil Rights Act of 1964 prohibits employers from "'fail[ing] or refus[ing] to hire or discharg[ing] any individual, or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'"  Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998) (citing 42 U.S.C. § 2000e-2(a)(1)).  "[T]he scope of the prohibition is not limited to economic or tangible discrimination."  Id. (quotation marks and citations omitted).  After meeting the exhaustion requirement (see Section I, above), a plaintiff may sue his employer under one or multiple theories of discrimination, including disparate treatment, hostile work environment, and retaliation.  See, e.g., Peterson v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir. 2004) (disparate treatment); Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003) (hostile work environment); Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000) (retaliation).

///

///

///

---

[2] The Court is aware that Plaintiff may have mistaken the start date for the 180 days, as he asserts he filed his EEO complaint in January 2019 (ECF No. 1 at 6).  However, it is clear the January 2019 filing was his informal complaint.  Further, it is unclear whether Plaintiff has received notice of a final disposition of his EEO complaint, but given he did not mention this in his opposition, the Court presumes the EEO has yet to issue any "final report."

4

**A.     Disparate Treatment Based on Race**

To state a claim for disparate treatment, a plaintiff must allege: "(1) [he] belongs to a protected class; (2) [he] was qualified for [the] position; (3) [he] was subject to an adverse employment action; and (4) similarly situated individuals outside [his] protected class were treated more favorably." Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008). Plaintiff alleges that he is an African American male. Therefore, the first element is met because race is a protected class. (ECF No. 1 at 5; see also 42 U.S.C. § 2000e-2(a)(1).) However, the second, third, and fourth elements must be addressed should Plaintiff wish to reassert a race discrimination claim.

For the second and third elements, the Court raises two concerns. First, Plaintiff alleges he was "qualified" for several VA positions for which he applied, but does not allege specific facts regarding his professional qualifications as to these 115 positions. Thus, this element fails because a general allegation that Plaintiff was "qualified" for these positions is conclusory and devoid of any factual support.[3] See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions'" or 'a formulaic recitation of the elements of a cause of action'" cannot survive a motion to dismiss. (citing Twombly, 550 U.S. at 555)); see also Sablan v. A.B. Won Pat Intern. Airport Authority, Guam, 2011 WL 1440091, at *4 (D. Guam April 13, 2011) (holding that Plaintiff adequately pled qualification for her position where she alleged that she had worked for employer for ten years and was promoted one year after being hired).

Second, and more importantly, Plaintiff only appears to have raised the VA's failure to hire him for one particular position—the January 2019 "Veteran Service Representative" position—and not the other 114 positions. (See ECF No. 6–2, the VA's "Notice of Partial Acceptance of [his] EEO Complaint."). This failure to raise the other 114 positions with the EEO could indicate Plaintiff failed to exhaust his administrative remedies with regard to those

---

[3] In his opposition motion, Plaintiff alleges that his "Monthly Counseling's [sic] show that he performed above standard with production and exceled in quality," and do not indicate any "problems" with Plaintiff's work performance. (ECF No. 8 at 3:26–27.) These facts lend support to Plaintiff's claim that he was "qualified" for the positions for which he applied; Plaintiff should therefore consider including them in a resubmitted complaint, and give more detail about the position(s) and why he was qualified for it.

5

positions.  See, e.g., Johns v. Brennan, 761 F. App'x 742, 744 (9th Cir. 2019) ("Incidents of discrimination not included in a charge filed with an administrative agency will be considered by a federal court only if the court finds that the new claims are 'like or reasonably related' to the allegations contained in the administrative charge.") (citing Green v. Los Angeles Cty. Superintendent of Schools, 883 F.2d 1472, 1475-76 (9th Cir. 1989)); see also, e.g., Newbold-Reese v. Shinseki, 2010 WL 11549569, at *4 (C.D. Cal. June 28, 2010) (dismissing some of plaintiff's federal discrimination claims where the EEO only investigated one instance of defendant's failure to hire plaintiff, because those other claims involved "a different factual pattern which took place during a different time period and involved different individuals."); 8 Emp. Coord. Employment Practices § 95:28 ("The exhaustion requirement is relaxed under the 'reasonably related' doctrine if, among other things, the conduct complained of would fall within the scope of the EEO[] investigation which can reasonably be expected to grow out of the charge of discrimination."). Accordingly, if Plaintiff intends to refile any race discrimination claim, he should consider the law as stated above when deciding how to plead the claim(s).

Regarding the fourth element, Plaintiff generally alleges that Defendant gave the positions for which Plaintiff applied to "less qualified applicants" and "newer employee[s]." (ECF No. 1 at 9.) However, he does not allege that those applicants were outside his protected class. Therefore, his pleading is deficient as to this element. See Haney v. United Airlines, Inc., 2016 WL 80554, at *2 (N.D. Cal. January 7, 2016) (finding the "similarly situated employees" element sufficiently pleaded where the plaintiff, an African American pilot, alleged that his employer gave opportunities to "white pilots who were less qualified and less senior").

**B.  Hostile Work Environment**

To prevail on a hostile work environment claim, a plaintiff must "establish a pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." Dawson v. Entex Intern., 630 F.3d 928, 939 (9th Cir. 2011) (citations omitted). To satisfy this requirement, the plaintiff must further establish that his employer's conduct rendered "his work place . . . both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive and one that the victim did in fact perceive to be so." Id. (citation omitted.)

This harassment must be based on the plaintiff's membership in a protected class. Id.

Here, Plaintiff offers general allegations regarding personal conflicts with his supervisor, and conclusory allegations concerning "collusion." (See, generally, ECF No. 1 at 9.) However, these general allegations do not meet federal pleading standards. See Dawson, 630 F.3d at 939 (allegations must allege with sufficient detail a pattern of ongoing and persistent harassment based on a plaintiff's race that is severe enough to alter the conditions of employment). Plaintiff should strongly consider the law concerning hostile work environment claims when deciding whether to resubmit this complaint. See, e.g., U.S. E.E.O.C. v. Global Horizons, Inc., 904 F. Supp. 2d 1074, 1086 (D. Haw. 2012) (hostile work environment claim sufficiently pled where the complaint alleged that supervisors told employees they could not leave their onsite housing, staffed housing with armed guards, warned employees that "a worker who previously escaped had been shot," once slapped plaintiff for attempting to leave work and another time hit a worker with a stick, and threatened to withhold plaintiff's visa); French v. Idaho State AFL-CIO, 164 F. Supp. 3d 1205, 1216-17 (plaintiff properly pled a hostile work environment claim where she detailed employer's regularly–made sexually suggestive remarks and jokes" directed at her or "about females in general," and alleged that this conduct "eventually required [plaintiff] to reduce her working hours"); Kraja v. Bellagio, LLC, 202 F. Supp. 3d 1163, 1166–68, 73 (D. Nev. 2016) (Albanian plaintiff adequately stated claim for hostile work environment where he alleged that, over a period of several years, employers repeatedly made disparaging comments about people of Albanian descent, instructed plaintiff to perform menial tasks outside his job description, and on one occasion shoved plaintiff into a corner). Should Plaintiff choose to resubmit this claim, he must present facts to support the elements of this claim as indicated above.[4]

**C.    Retaliation**

To state a claim for retaliation, a plaintiff must allege that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is "a causal link between the

---

[4] In his opposition motion, Plaintiff argues that his supervisor "screamed at him and yell [sic] demands at him as if he was a dog." (ECF No. 8 at 6:1.) These facts and more should be included in any resubmitted complaint to speak to the "severity based on his race" requirement.

protected activity and the adverse employment action." Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1034–35 (9th Cir. 2006) (citation omitted). Similarly, a prima facie case for retaliatory failure-to-hire requires the plaintiff to show (1) that he engaged in a protected activity, (2) that the position for which he applied was "eliminated or not available" to him, and (3) that the position was not available to him "because of the protected activities." Heredia v. W. Valley Staffing Grp., 2017 WL 766720, at *2 (N.D. Cal. Feb. 28, 2017). To establish a causal link for either of these types of claims, "but-for" causation is ultimately required; this means that but-for his engagement in a protected activity, he would not have faced the adverse employment action. See University of Texas Southwestern Medical Center v. Nassar, 570 U.S. 338, 362 (2013).

Plaintiff's retaliation claim fails on multiple prongs. Plaintiff has failed to allege that he engaged in protected activity. See Hashimoto v. Dalton, 118 F.3d 671, 680 (noting that a protected activity may include an "employee's opposition to conduct made an unlawful employment practice by" Title VII or an "employee's participation in the machinery set up by Title VII to enforce its provisions," such as consulting with an EEO counselor regarding discrimination). Plaintiff's two–page narrative does state that he applied for a transfer, and also that when he "complained to other federal agencies, the Oakland RO immediately retaliated." (ECF No 1 at p. 8.) However, this conclusory allegation does not appear to be supported by any other factual allegations, leaving the scope of Plaintiff's alleged "protected activity" unclear.[5] Finally, Plaintiff must connect any "admonishment" to his engagement in the protected activity in order to prevail on a retaliation claim. See Nassar, 570 U.S. at 362. Finally, the same exhaustion requirements apply to the retaliation claim as expressed in Section A above (that any retaliation claim must be reasonably related to the claims raised with the EEO). See, e.g., Johns, 761 F. App'x at 744. Should Plaintiff choose to resubmit this claim, he must address these issues.

---

[5] In his opposition motion, Plaintiff alleges that his supervisor "punished" him for informing the Veterans Service Center Manager, Regional Officer Director, and Pacific Director that he "was being mistreated." (ECF No. 8 at 2:6–8.) If Plaintiff can establish that his complaint was a protected activity, he should consider further detailing these allegations in his resubmitted complaint. See McGinest v. GTE Service Corp., 360 F.3d 1103, 1124, fn. 19 (9th Cir. 2004) ("An adverse employment action is one that is reasonably likely to deter employees from engaging in protected activity").

8

**D. Plaintiff's Disability Discrimination Claim**

Plaintiff also checked a box on his complaint claiming that Defendant failed to accommodate his disability. (ECF No. 1 at 5.) Initially, the Court believed this may have been in error, as Plaintiff's complaint to the EEO is based on race alone and does not discuss disability. (ECF No. 6-2 at 4.) However, in his opposition to the motion to dismiss, Plaintiff indicates that he did in fact intend to assert a "disability discrimination" claim.

However, it appears from the EEO paperwork before the Court that Plaintiff did not raise a disability discrimination claim with the EEO. Without this allegation, any disability claim would be subject to dismissal for failure to exhaust the administrative remedies. See Leong v. Potter, 347 F.3d 1117, 1121–22 (9th Cir. 2003) (affirming district court's dismissal of plaintiff's Rehabilitation Act claim because he "was required to exhaust his administrative remedies with the EEOC before pursuing his . . . claim in district court").

**III. Federal Pleading Standards**

If Plaintiff elects to file another complaint on any of these claims, Plaintiff should be sure to review the Federal Rules of Civil Procedure, this court's Local Rules, and applicable law outlined in this order before doing so.

For instance, Plaintiff must include enough facts to give Defendant notice of the scope of his claims. See Iqbal, 556 U.S. at 678. However, this must be balanced with the competing principle that a complaint should not contain lengthy introductions, argument, speeches, explanations, stories, griping, personal attacks, conclusory allegations, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996); compare also Scott v. Crockett Indep. Sch. Dist., 2017 WL 1097214, at *7 (E.D. Tex. Feb. 6, 2017) (general allegations of "collusions" were conclusory and thus insufficient to demonstrate retaliation); with Lewis v. D.C., 535 F. Supp. 2d 1, 10–11 (D.D.C. 2008) (hostile work environment claim properly alleged, despite conclusory allegation of "purposeful and unfair collusion," where the complaint was supported by other factual allegations, including that plaintiff's supervisors created "an untenable and intolerable working situation where plaintiff's authority was subverted to the extent that on a daily basis plaintiff was confronted with open

recalcitrance, discourtesy and insubordination by her subordinates"). Simply, a complaint should detail just enough facts for each element of the claim so that a defendant (and the court) understands the scope of the claims Plaintiff asserts.

Additionally, the Court notes that Plaintiff has failed to file suit against the proper defendant for this Title VII complaint. See Holly D. v. California Institute of Technology, 339 F.3d 1158, 1179 (9th Cir. 2003) ("Title VII does not provide a cause of action for damages against supervisors or fellow employees."). The caption of Plaintiff's Complaint generally names the "Dept. of VA—Veteran Benefits Administration," while the text of his complaint names as defendants several of Plaintiff's colleagues and supervisors. (ECF No. 1 at 1–2, 8.) However, the proper Defendant in a Title VII suit is "the head of the department, agency, or unit" for which that employee works. 42 U.S.C.A. § 2000e-16(c); see also Vinieratos, 939 F.2d at 768–69. In his opposition, Plaintiff states he is willing to name the proper party, and so this issue should be addressed by Plaintiff upon refiling.

Further, a plaintiff suing a federal agency must deliver or send his or her summons and complaint "to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk." See Fed. R. Civ. P. 4(i)(1)(A) & (2). He or she must further "send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(2). Here, Plaintiff appears to have served various VA employees listed as defendants. (ECF No. 5 at 2.) Neither Robert Wilkie nor an United States attorney are included in this list. (Id.) Failure to effect proper service is grounds for dismissal. See Fed. R. Civ. Pro. 4(m).

Finally, should Plaintiff refile another complaint after the exhaustion deadline, he should file with it a notice of related cases, per Local Rule 123(b), and reference this case number.

In sum, although the Court is sympathetic to the difficulties faced by pro se litigants in litigating their cases in federal court, and liberally construes pro se pleadings and filings, pro se litigants must still comply with all deadlines, procedural rules, and court orders.

///

**ORDER**

Given these findings and recommendations, the Court ORDERS all pending hearing dates in this case be VACATED.

**RECOMMENDATIONS**

For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 6) be GRANTED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE; and
3. The Clerk of the Court be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: November 18, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/AS, davi.1330